**AG GRO SERVICES COMPANY, through its trustee Ag Gro Services Company, Ltd., Plaintiff,**

v.

**SOPHIA LAND CO., INC., et al., Defendants.**

No. Civ.A. MJG–97–944.

United States District Court, D. Maryland.

July 8, 1997.

Howard H. Stahl, Steven K. Davidson, Steptoe & Johnson, Washington, DC, for Plaintiff.

Charles P. Scheeler, Francis B. Burch, Jr., Piper & Marbury L.L.P., Baltimore, MD, Gerald J. O'Brien, Gaithersburg, MD, Alvin I. Frederick, Eccleston and Wolf, Baltimore, MD, for Defendants.

GARBIS, District Judge.

The Court has before it Plaintiff's motion seeking disqualification of counsel who obtained certain privileged information from Plaintiff's former counsel. For the reasons stated herein, the Court holds that counsel who obtained the privileged information are disqualified from further participation in this matter.

## I. BACKGROUND

In February of 1993, Plaintiff Ag Gro Services Company, Ltd. ("Seller") entered into an agreement with Defendant Hill Street, Inc. ("Buyer") for the purchase of some 212 acres of land in Frederick County, Maryland ("the Property"). It suffices for the present to state that the transaction did not proceed smoothly and did not close as the parties had contemplated. As the matter transformed from a contemplated transaction into contemplated litigation, Seller discharged its transactional attorney ("Seller's Former Counsel") and engaged new counsel. Buyer did not discharge its transactional attorney but, eventually, retained counsel to represent it in this law suit. This law suit was filed on April 1, 1997 and the case proceeded actively toward a trial in July.[1]

## II. EVENTS AT ISSUE

On May 17, 1997, an attorney representing Buyer[2] ("Litigation Counsel") went (per pre-arranged appointment) to Seller's Former Counsel's office and interviewed him. Litigation Counsel has produced an affidavit in which he states:

---

1. The need for an early resolution of the ownership of the Property, then in the process of construction, warranted a July trial date.

2. Not one of the attorneys listed as counsel herein.

After I introduced myself to Seller's Former Counsel, I thanked him for talking to me, and I told him that I represented the Buyer and I wanted to discuss with him his recollection of his conversations with Buyer's principals and counsel in connection with the subject transaction. I told Seller's Former Counsel that it was not my intention to ask him about attorney-client matters. Seller's Former Counsel responded that he did not see any reason why we could not talk, and he was not going to discuss matters that he believed were confidential.

The Court cannot find that the affidavit is literally false. Presumably, Litigation Counsel did introduce himself as indicated and said that he did not intend to ask about attorney-client matters. Presumably, Seller's Former Counsel also said that he was not going to speak about matters that *he believed* were confidential. However, Seller's Former Counsel (whether asked or not, and regardless of his beliefs) did disclose confidential and privileged matters to Litigation Counsel. Litigation Counsel persisted with the meeting even after Seller's Former Counsel began, and continued, to make such disclosures.

Litigation Counsel has produced for in camera inspection his June 4, 1997 Memorandum to File (the "Litigation Counsel Memorandum") concerning his May 17 interview with Seller's Former Counsel. The Litigation Counsel Memorandum reflects that Seller's Former Counsel disclosed many matters that should not have been discussed without an opportunity for Seller (through current counsel) to assert privilege claims. Some disclosed matters were obviously subject to the attorney-client privilege. Others would have at least raised significant issues. The Court will, for purposes of illustration, list some of the matters disclosed in the Litigation Counsel Memorandum. This listing, which is not comprehensive, is necessarily stated here in "sanitized" terms for two reasons. First, the matter of Seller's access to the Litigation Counsel Memorandum is not yet resolved. Second, the Court would not wish to further reveal Seller's confidences by disclosures in this decision.

This "cleansed" summary does not fully do justice to the blatant invasion of the attorney-client privilege or, in the context of the case, the sensitivity of some of the matters disclosed by Seller's Former Counsel. The Litigation Counsel Memorandum reflects that:

7.[3] Seller's Former Counsel revealed certain advice he had given to Seller's principal agent ("Seller's Agent[4]") regarding one of the issues between the parties.

8. Seller's Former Counsel disclosed the terms of an uncommunicated possible Seller proposal to resolve an issue between the parties. He also stated why he did not present the proposal to Buyer.

9. Seller's Former Counsel related what Seller's Agent had told him Seller's Agent had done regarding one of the issues between the parties.

10. Seller's Former Counsel revealed what Seller's Agent had indicated about certain matters after Seller's Agent had spoken with Seller's present counsel.

11. Seller's Former Counsel stated the purpose for Seller's Agent's contact with Seller's present counsel. Seller's Former Counsel further stated his opinion as to certain issues to be litigated in this case.

12. Seller's Former Counsel stated his views on how Seller's present counsel was handling this case.

26. Seller's Former Counsel stated his understanding of his directions from his client Seller regarding contract performance as of a certain time.

29. Seller's Former Counsel disclosed the point at which Seller's Agent mentioned retaining Seller's present counsel.

---

**3.** The paragraph numbers of the Litigation Counsel Memorandum are used.

**4.** Seller conducted its business (as pertinent to this case) through an individual referred to herein as "Seller's Agent."

30. Seller's Former Counsel revealed the position he had held regarding the timing of a certain matter.

31. Seller's Former Counsel revealed what Seller's Agent had disclosed to him in confidence relevant to one of the issues in dispute.

32. Seller's Former Counsel gave his opinion of certain aspects of the contract at issue. He revealed that a certain matter "was something that he determined and explained to Seller's Agent." He also disclosed Seller's Agent's reaction when Seller's Former Counsel advised him of a specified matter.

33. Seller's Former Counsel stated what Seller's Agent had done vis-a-vis certain persons relating to certain issues.

34. Seller's Former Counsel related what Seller's Agent told him about retaining Seller's present counsel. Seller's Former Counsel also revealed a relevant confidential matter, although he characterized it as "an impression that he got from talking to Seller's Agent."

## III. *DISCUSSION*

As detailed above, Litigation Counsel met with Seller's Former Counsel and obtained significant confidential and privileged information. Litigation Counsel's efforts to minimize the gravity of the situation are unavailing. This is by no means a mere contact with a former employee of an adverse party. Nor is it only a matter of a contact with an adversary's former employee who had been exposed to privileged information with the discussion limited to non-privileged matters. By no means is the situation one, as described by Mr. Frederick [5], in which all Litigation Counsel did was "contact an opponent's discharged lawyer in order to confirm discussions and/or conversations with either the lawyer or that lawyer's predecessor." Rather, this is a case in which there was a private meeting with an adversary's

former lawyer in which that former lawyer disclosed to a present adverse party confidential and privileged discussions about matters relevant to the pending litigation. No attorney has a right to obtain such information or to be a participant in a conversation in which he knows (or manifestly should know) that the adversary's former lawyer is disclosing privileged information.

Litigation Counsel cannot find refuge in the fact that Seller's Former Counsel, when counsel for Seller, had been authorized to speak for Seller. Of course, when he was Seller's counsel, Seller's Former Counsel was authorized to speak in the course of the transaction. However, Seller's Former Counsel was not authorized to speak for Seller after he ceased being its lawyer. Moreover, Seller's Former Counsel was never authorized to disclose privileged and confidential matters such as those disclosed in his meeting with Litigation Counsel.

Finally, Litigation Counsel argues that Seller's Former Counsel was not hostile to Seller. That may be. But one must wonder why any attorney in Seller's Former Counsel's position would decide to disclose the confidences of a former client to an adverse litigant. In any event, Seller's Former Counsel did not respect his client's confidences, and Litigation Counsel persisted in receiving disclosures which Seller's Former Counsel should not have made.

In *Camden v. State of Maryland*, 910 F.Supp. 1115 (D.Md.1996), Judge Messitte held that counsel must be disqualified because they contacted a former employee of the adverse party known to have been exposed to confidential client information and obtained such confidences.

In *Zachair, Ltd. v. Driggs*, 965 F.Supp. 741 (D.Md.1997), Judge Davis faced a situation somewhat similar to the case at bar. In *Zachair*, counsel for the plaintiff interviewed (by means of an ex parte deposition) former counsel for the adversary. The former counsel disclosed relevant confidential and privileged information. Judge Davis held that the actions of counsel violated Rule 4.2 [6] of

---

5. Counsel for a Defendant other than Buyer.

6. Prohibiting contact with an adverse party represented by counsel.

the Maryland Rules of Professional Conduct and that counsel had also participated in the former counsel's violation of Rules 1.6(b)[7] and 1.9[8] relating to the former counsel's improper disclosures.

■ The matter before this Court is not one concerning the fine points of the ethical rules. The instant case presents a rather clear situation. It is not permissible for an attorney deliberately to invade an adverse party's attorney-client privilege. When the lawyer is successful, even if it is with the assistance (deliberate or not) of the client's former counsel, that lawyer has acted improperly and the adverse party cannot be disadvantaged. This Court should take action, including the disqualification of counsel "tainted" with the improper disclosure, to insure the proper administration of justice. Cf. United States v. Omni Int'l Corp., 634 F.Supp. 1414 (D.Md.1986) (dismissing indictment and disqualifying Government counsel and agents when they deliberately invaded the defendants' attorney-client privilege).[9]

In the instant case, Litigation Counsel had to know that his interviewing Seller's Former Counsel outside the presence of Seller's counsel was, at best, extremely hazardous. Even if the discussion had related only to completely unprivileged matters (such as communications between Seller's Former Counsel and Buyer's transactional counsel), at the very least, Litigation Counsel took a great risk of creating a future debate, which otherwise would have been avoided, regarding precisely what was said at the meeting and by whom. In any event, in this case, the interview went far beyond the clearly permissible, to the debatable, to the impermissible and, indeed, into an area that can only be described as blatantly improper.

It is inappropriate for a party who has discharged her counsel to have an adverse party and her former counsel decide among themselves when, and to what extent, her privilege shall be claimed or waived. This Court is not suggesting that the adverse party would be foreclosed from access to non-privileged information. However, the safe means of access is, whether in a formal process such as a deposition or informally with agreement, to let the adverse party's counsel assert the privilege as appropriate so as to preserve the issues for judicial determination. As stated by Judge Messitte in Camden at page 1121:

> This can be accomplished if either organizational counsel is present to object or if the court has set appropriate ground rules in advance. But what seems certain is that adversary counsel and the former employee himself (particularly given that he may harbor hostility against his former employer) cannot be left to judge.

> 910 F.Supp. at 1121 (footnotes omitted, emphasis added).

This Court does not find there to be an absolute prohibition against an attorney's speaking with an adverse party's former attorney or former employee who has had access to privileged information. However, this Court finds that doing so entails a risk of participation in the breach of an adversary's reasonable expectation of privilege protection for confidential communications. Counsel who have so participated and obtained privileged information may be subject to disqualification.

In sum, the Court concludes that in the instant case, Litigation Counsel deliberately undertook a course of action that he knew, or should have known, would likely result in his obtaining access to information in violation of Seller's attorney-client privilege. Further, in

---

7. Prohibiting disclosure of client confidences, with exceptions not here relevant.

8. Prohibiting use of client confidences to the detriment of a client, with exceptions not here relevant.

9. But, note that in Omni, Judge Black stated (in dictum) that when government agents asked a subject's attorney about advice given the client it became "incumbent on the attorney either to

refuse to discuss the matter in an interview or to testify before the grand jury, or to risk a civil suit against him for revealing confidential communications." Omni, 634 F.Supp. at 1423. This Court concludes that a civil litigant (perhaps viewed as distinct from the government representing the public) cannot be permitted to benefit from an invasion of the attorney-client privilege even though there may (in theory) be some recourse against Former Counsel.

the course of his interview, it became absolutely clear that Seller's Former Counsel was improperly disclosing client confidences. At least at that point, if not from the beginning, the interview was improper. In this case, Buyer cannot be permitted to use the fruits of the improper violation of Seller's privilege against the Seller.

The motion seeking disqualification is granted. Litigation Counsel, and any attorney who has received privileged information from Litigation Counsel, are disqualified from representing Buyer against Seller. Replacement counsel may have access to all materials prepared by Litigation Counsel prior to the May 17 interview of Seller's Former Counsel. Any materials prepared by Litigation Counsel on or after May 17 shall be provided to successor counsel only to the extent that such materials are submitted for in camera review and found to be "untainted" by the Court or, if appropriate, by a special master.