Filed 07/18/24

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02924

---

**Mark Wilson et al v. Gegham Artsruni et al**

---

## ENTRY REGARDING MOTION

Title:        Motion to Disqualify Plaintiffs' Counsel and to Suppress Supposed Evidence
(Motion: 5)
Filer:        Daniel A. Seff
Filed Date:   April 21, 2024

This is a declaratory judgment action brought by plaintiffs regarding certain lands in Killington, Vermont. On April 21, 2024 defendants filed a motion to disqualify plaintiffs' counsel and to suppress certain evidence. Defendants filed a response on May 6, 2024 and the plaintiffs filed a reply on May 14, 2024. The court held an evidentiary hearing on July 11, 2024. Present at the hearing were the plaintiffs, represented by Attorney Christian Chorba and Attorney Christopher Roy, and the defendants, represented by Attorney Daniel Seff. The court makes the following findings of fact and conclusions of law by a preponderance of the evidence.

### Findings of Fact

The defendants, Sona Antonyan, Ani Adzhemyan, Tigran Avetisyan, and Gegham Artsruni decided in 2020 to purchase to parcels in the Cricket Hill Development located in Killington, Vermont. The defendants retained Victor Segale to represent them in purchasing these two parcels. In addition to representing the defendants, Attorney Segale acted as their title insurance agent and issued title insurance for the parcels. Def. Ex. A. One of the parcels bought by the defendants is a parcel identified as the "community lot."

Attorney Marylou Scofield previously represented the plaintiffs. Attorney Scofield reached out to Attorney Segale regarding the parcels. On December 8, 2021, Attorney Segale emailed Attorney Scofield the following:

> Dear Marylou:
>
> I have heard nothing further from my clients since the closing, I made it very clear to them (they had dug out the covenants before contacting me) that they could not plan on building on the "community lot" unless they got everyone else owning in the development to approve and waive (amend) the covenants. I told them that was not likely to happen and they could not force it. If they contact me again in the future I will tell them the same thing. Victor

Def. Ex. D. The defendants did not authorize Attorney Segale to disclose any attorney client conversations with Attorney Scofield. This email was forwarded to plaintiffs' current counsel.

Attorney Timothy Martin previously represented the plaintiffs for a short period of time. At some point while in the community, likely in the land records, Attorney Martin ran into Attorney Segale. The two attorneys had a passing conversation, during which Attorney Segale told Attorney Martin he did not believe the property the defendants bought could be developed unless there was an amendment executed by all members of the Cricket Hill Development. Attorney Martin could not recall if Attorney Segale stated he advised the defendants of that opinion. The defendants did not authorize Attorney Segale to disclose confidential communications to Attorney Martin.

On March 9, 2023, Attorney Chorba called Attorney Segale. Attorney Segale does not remember the telephone conversation. During the phone call, Attorney Segale stated he informed the defendants that the community lot could not be developed without all the members of the Cricket Hill Development agreeing. The only substantive question Attorney Chorba asked of Attorney Segale was whether his opinion was based on anything other than the Declaration of Protective Covenants, Restrictions and Reservations. Def. Ex. E. The defendants did not authorize Attorney Segale to disclose confidential communications with Attorney Chorba.

Conclusions of Law

Defendants seek to disqualify plaintiffs' counsel for "invading defendants' lawyer-client privilege" in violation of V.R.P.C. 4.4(a). In addition, defendants seek the suppression of any evidence obtained as result of Mr. Segale's disclosure of confidential attorney-client information. Plaintiffs do not object to the second request, but do object to the request to disqualify.

The court has discretion to rule on a party's request to disqualify opposing counsel. *Stowell v. Bennett,* 169 Vt. 630, 631 (1999) (mem.). "In reaching a decision on a disqualification motion, a court must be 'solicitous of a client's right freely to choose his counsel' and 'mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel, and lose the benefit of counsel's familiarity with the case.'" *Cody v. Cody,* 2005 VT 116, ¶ 16 (quoting *Stowell,* 169 Vt. at 632). Motions to disqualify are disfavored and the moving party caries a heavy burden. *Id.* Doubts, however, should be resolved in favor of disqualification. *Id.* The court gives considerable weight to ethical rules, but notes ethical rules "should not be applied inflexibly or without consideration of the realities of which fair decision would call for judicial notice." *In re L.H.,* 2018 VT 4, ¶ 16 (citations and quotations omitted). Furthermore, an appearance of impropriety is insufficient to warrant disqualification. *Stowell,* 169 Vt. at 632.

Rule 4.4(a) states, "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." This rule mirrors Rule 4.4 of the American Bar Association's Model Rules of Professional Conduct. The comment on the model rule states:

> Responsibility to a client requires a lawyer to subordinate the interests of others to those of the client, but that responsibility does not imply that a lawyer may disregard the rights of third persons. It is impractical to catalogue all such rights, but they

include legal restrictions on methods of obtaining evidence from third persons and unwarranted intrusions into privileged relationships, such as the client-lawyer relationship.

Model Rules of Pro. Conduct Rule 4.4 annot., comment 1 (Am. Bar Ass'n 2023). The lawyer-client privilege is enshrined in Rule 502 of the Vermont Rules of Evidence, which grants a client the privilege to prohibit their lawyer from disclosing confidential communications. V.R.E. 502. In this case, the defendants allege plaintiffs' counsel obtained evidence in violation of their attorney-client privilege.

Defendant relies primarily on *Ag Gro Services Co. v. Sophila Land Co., Inc.,* 8 F. Supp. 2d 495 (D. Md. 1997), where the district court found that an attorney had "deliberately invaded an adverse party's attorney-client privilege." 8 F.Supp.2d at 498. In that case, the court found the disqualified attorney had obtained significant confidential and privileged information that warranted disqualification. *Id.* That is not the case here. The only confidential information that was disclosed was that Attorney Segale advised the defendants that the community lot could not be developed without the agreement of all members of the Cricket Hill Development. In the context of this lawsuit, that disclosure has no bearing on the outcome of the case. This is a declaratory judgment action. The opinion of Attorney Segale regarding whether the community lot can be developed is not relevant and would not be admissible at trial. Further, the fact counsel for plaintiffs learned of Attorney Segale's opinion doesnot give plaintiffs an incurable unfair advantage in this case, such that disqualification would be warranted. Plaintiffs' litigation counsel has not been irreversibly "tainted" by learning of Attorney Segale's opinion, or that Attorney Segale advised the defendants of that opinion. Even assuming for the sake of argument that Attorney Segale's opinion has some use or evidentiary value, suppression is the appropriate remedy that adequately ensures the fair administration of justice.

Furthermore, the court cannot conclude that plaintiffs' counsel engaged in unwarranted intrusions into the defendants' attorney-client privilege. The court takes no position on the wisdom of Attorney Chorba contacting Attorney Segale, however the court cannot conclude that the evidence showed Attorney Chorba sought out confidential and privileged information of Attorney Segale. The only substantive question Attorney Chorba asked was the basis of Attorney Segale's opinion, an opinion about which Attorney Chorba was already aware from his client. Based upon these facts, and the presumption against disqualification, the court cannot conclude the defendants have met their high burden to demonstrate that disqualification is required in this case.

<u>Conclusion</u>

For the reasons stated above, the motion to disqualify plaintiffs' counsel is denied. Given the agreement of plaintiffs, the motion to suppress is granted.

There are several outstanding motions in this case. Specifically, the parties' competing motions to compel and the parties' competing motions to adopt a new ADR. The motions to compel will be set for hearing. Given these motions regarding discovery are outstanding, the court finds the plaintiff's proposed discovery schedule appropriate and will adopt it.

## **Order**

1. Defendants' motion to disqualify plaintiffs' counsel is DENIED.
2. Plaintiffs are prohibited from using any statements from Attorney Segale or any evidence obtained as a direct result of Attorney Segale's statements.
3. Plaintiff's proposed ADR is adopted and approved.

Electronically signed on July 18, 2024 pursuant to V.R.E.F. 9(d)

_Alexander N. Burke_

Alexander N. Burke
Superior Court Judge