(December 26, 1991)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TESSITORE, JR., Appellant.—Mahoney, P. J. Appeals (1) from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered July 1, 1986, upon a verdict convicting defendant of the crimes of burglary in the second degree and conspiracy in the fourth degree, and (2) by permission, from an order of said court, entered August 13, 1990, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was arrested on August 21, 1985 and charged with second degree burglary, fourth degree conspiracy and fourth degree criminal mischief, all stemming from his participation in a burglary at a Union Street residence in the Town of Niskayuna, Schenectady County. The police had been previously drawn to the scene by an informant, allegedly asked to participate in the burglary with defendant, and apprehended defendant after he kicked in a back door and entered the house. Although at trial defendant testified that the informant told him that the house belonged to his aunt and that they could go there to resort, defendant was nonetheless convicted of second degree burglary and fourth degree conspiracy. Defendant was subsequently sentenced as a second felony offender to concurrent prison terms of 7½ to 15 years on the burglary conviction and 1½ to 3 years on the conspiracy conviction. Defendant then unsuccessfully sought, *pro se,* vacatur of the conviction pursuant to CPL 440.10 on the ground that a special prosecutor should have been appointed in light of the fact that a codefendant's attorney had subsequently commenced employment with the District Attorney's office and thereafter improperly appeared on behalf of the People at defendant's sentencing. Defendant now appeals from the judgment and, by permission, from the order denying his CPL 440.10 motion.

Initially, we reject defendant's argument that the People's failure to disclose an agreement with the informant required a mistrial. The relevant facts in the record reveal that, in answer to defendant's *Brady* request, the People stated that the informant was working with the State Police in return for leniency regarding a pending burglary charge but that "[n]o specific sentencing promises were made to him". In response to a subsequent request, the People stated specifically that "there was nothing made in writing with the [informant]". It was later revealed, however, at defense counsel's cross-exami-

nation of the informant that a memorandum existed stating that the informant would be given leniency depending upon his degree of cooperation but that no specific deal was made.

In our view, although the document was *Brady* material, we find that County Court properly denied defendant's motion for a mistrial. The failure to turn over *Brady* material does not constitute reversible error where the defendant "is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" *(People v Cortijo,* 70 NY2d 868, 870; *see, People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093). Here the memorandum at issue was used by defendant's counsel in cross-examining the informant *(see, People v Taylor,* 141 AD2d 982, *lv denied* 72 NY2d 1050), ameliorating any prejudice to defendant *(see, People v Cortijo, supra).*

We take a somewhat different view of defendant's contentions regarding the role of a codefendant's former counsel who was appointed as an Assistant District Attorney prior to defendant's trial. Although a special prosecutor was appointed in the codefendant's case, defendant was prosecuted by the District Attorney's office and the same attorney who once represented the codefendant appeared for the People at defendant's sentencing. Although the appearance of impropriety alone is insufficient to require the prosecutor's disqualification *(see, People v Keeton,* 74 NY2d 903, 904) and defendant failed to object to the prosecution of the case by the District Attorney's office until after trial *(see, People v Krom,* 91 AD2d 39, *affd* 61 NY2d 187), defendant did object to the prosecution in a presentence CPL 330.30 motion argued and decided at sentencing. Given the need to protect "against the appearance of impropriety *and* the risk of prejudice attendant on abuse of confidence, however slight" *(People v Shinkle,* 51 NY2d 417, 421 [emphasis supplied]), we find that, *at that point,* it was improper to allow the Assistant District Attorney, who had preliminarily represented defendant's codefendant, to appear on behalf of the People *(see, supra).* We further find that, given that it was a codefendant's former attorney and not a former attorney of defendant that appeared for the prosecution at sentencing, the risk of prejudice is sufficiently attenuated *(cf., People v Cole,* 152 AD2d 851, *lv denied* 74 NY2d 895) to allow an Assistant District Attorney not involved in or apprised of any related prosecution of this matter to appear at a reargument of defendant's CPL 330.30 motion and resentencing.

We have examined defendant's remaining arguments, in-

cluding those in his *pro se* brief, and find them either merit-less or unpreserved for our review.

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed and reversing so much thereof as denied defendant's CPL 330.30 motion; matter remitted to the County Court of Schenectady County for reargument of said motion and resentencing in accordance with this court's decision; and, as so modified, affirmed. Ordered that the appeal from the order is dismissed, as academic.