STATE OF VERMONT

ENVIRONMENTAL COURT

|                             |   |                            |
|-----------------------------|---|----------------------------|
| Bergmann Act 250 Subdivision | } | Docket No. 158-8-05 Vtec |

Decision and Order on Petitioners' Motion to Disqualify

When this case was first before the Court, then-Appellant-Applicants Charles and Hermine Bergmann had appealed from a decision of the District Environmental Commission #2 (District Commission) denying an Act 250 land use permit amendment (#2W0611-2) for a subdivision they proposed in the Town of Newfane.  This case was assigned Docket No. 158-**8-05** and may also be referred to in this decision as "the 2005 case."

The Bergmanns have been represented throughout these proceedings by Stephen R. Phillips, Esq., with the firm of Kristensen, Cummings, Phillips & Carroll, P.C. The Natural Resources Board had entered an appearance as an interested person and was represented by Melanie Kehne, Esq. No other party appeared, despite inquiry by the Court regarding whether notice had been sent to the parties who had appeared when the matter was before the District Commission, and the Court's determination that notice of the filing of the appeal had been sent to the Lilienthals and their then-attorney, Elana S. Baron, Esq.

The Court proceeded to consider the Bergmanns' appeal on its merits,[1] on the basis

---

[1] As discussed in the Court's April 2006 decision in the above-captioned matter, and more recently in In re: Free Heel, Inc., d/b/a Base Camp Outfitters, Docket No. 217-9-06 Vtec (Vt. Envtl. Ct., March 21, 2007), even though no other party appears in or objects to an application, because the appeal is de novo, it is not before the Court in the nature of a default judgment.  Rather, the Court must independently examine the material facts, and may only grant the motion if Appellants are entitled to judgment under the applicable

1

of the materials filed with their motion for summary judgment. The Court issued a written Decision and Order on April 11, 2006, approving the proposed subdivision, and remanding the matter to the District Commission for it to perform the ministerial task of issuing Act 250 Land Use Permit amendment #2W0611-2 in accordance with the Court's Decision and Order. The District Commission issued Act 250 Land Use Permit amendment #2W0611-2 on June 7, 2006. If that issuance had been an appealable action by the District Commission, the last day for filing such an appeal would have been July 7, 2006.

On July 10, 2006, the Lilienthals filed a purported notice of appeal of the District Commission's issuance of Land Use Permit amendment #2W0611-2; on July 11, 2006, the South Newfane Baptist Church filed to join in the Lilienthals' appeal. This case was assigned Docket No. 158[2]-**7-06** and may also be referred to in this decision as "the 2006 case." Both the Lilienthals and the Church were represented at that time by Elana S. Baron, Esq., who also filed a motion in the 2006 case to stay "the issuance of" Land Use Permit amendment #2W0611-2. In response to the Bergmanns' motion to dismiss the 2006 case, Attorney Baron filed a motion for "interlocutory appeal" and a further "motion to stay all pending motions and proceedings." The Court denied the motion for interlocutory appeal in an entry order dated August 8, 2006, stating that no decision had been issued in the 2006 case from which an appeal (interlocutory or otherwise) could be taken, and stating that if Appellants wished "to move to reopen the 2005 appeal," they were "free to do so." In a

---

substantive law, as the Court is obligated to apply the substantive standards that were applicable before the tribunal appealed from. 10 V.S.A. §8504(h); V.R.E.C.P. 5(g); and see In re: Outdoors in Motion, Inc., Act 250 Amendment, Docket No. 208-9-06 Vtec (Vt. Envtl. Ct., Dec. 26, 2006) (Durkin, J.) (unpublished entry order).

[2] The coincidence that the cases received the same sequential number in each of two successive years was pointed out to the parties by the Court and they were asked to be careful to distinguish between the two cases.

2

second entry order in the 2006 case, the Court denied the motion to stay, with leave to renew it if the 2005 case were reopened.

After briefing of the Bergmanns' motion to dismiss the 2006 case, on August 21, 2006, the Court granted the motion to dismiss, noting that the issuance of the permit had merely been a ministerial act by the District Commission based on the Court's decision in the 2005 case, and denied the motion to stay, reiterating that the purported appellants had not moved to reopen the 2005 case.

On August 23, 2006, four months after the Court's decision was issued in the 2005 case and two-and-a-half months after the District Commission had issued the Act 250 Permit amendment, Attorney Baron moved in the 2005 case (the above-captioned case) on behalf of the Lilienthals and the Church for relief from judgment under V.R.C.P. 60(b) and to stay the Act 250 Permit Amendment.

The status of the matter as of the time of this filing was that the permit was in effect, as a stay is not automatic. 10 V.S.A. §8504(f); V.R.E.C.P. 5(e).

On September 6, 2006, Theodore C. Kramer, Esq., of Kramer Law Offices, moved to withdraw, stating that Elana S. Baron, Esq., had left the firm of Kramer Law Offices and would be working with the law firm of Kristensen, Cummings, Phillips & Carroll, P.C., as of September 11, 2006. On September 26, 2006, Attorney Robert M. Fisher entered his appearance on behalf of the Lilienthals, and on October 2, 2006, Theodore C. Kramer, Esq., for Kramer Law Offices, filed with the Court a letter clarifying that the firm's withdrawal had intended to include representation of the Church as well as the Lilienthals. The South Newfane Baptist Church never entered an appearance in the above-captioned 2005 case nor sought to participate in the renewed Motion for Relief from Judgment filed on behalf of the Lillienthals on October 2, 2006.

The Lilienthals' based their motion on the ground that although they had personally received a copy of the 2005 notice of appeal filed by the Bergmanns, their attorney at the

3

time, Elana S. Baron, Esq., then with the firm of Kramer Law Offices, P.C., either did not in fact receive a copy of the notice of appeal, even though her name and address appear correctly on the Bergmanns' certificate of service, or, if she received it, that her failure to enter an appearance or file a cross-appeal on behalf of the Lilienthals represents mistake, inadvertence or excusable neglect to justify relief from judgment.

On October 2, 2006, the Lilienthals also moved to disqualify Attorney Phillips and the law firm of Kristensen, Cummings, Phillips & Carroll, P.C., from representing the Bergmanns. They argue, pursuant to Vermont Rules of Professional Conduct (V.R.P.C.) 1.9 and 1.10, that, as their former attorney, Elana S. Baron, Esq., had become employed with the law firm representing the Bergmanns, not only is she disqualified pursuant to V.R.P.C. 1.9, but that the firm of Kristensen, Cummings, Philips & Carroll, P.C. is disqualified through 'imputed disqualification' pursuant to V.R.P.C. 1.10.

In general, motions to disqualify counsel "should be resolved with extreme caution because they may be used as a litigation tactic," Nelson v. Green Builders, Inc., 823 F.Supp. 1439, 1444 (E.D. Wis. 1993). The Vermont Supreme Court emphasized the reasons for disfavoring such motions in Cody v. Cody, 2005 VT 116:

> In reaching a decision on a disqualification motion, a court must be "solicitous of a client's right freely to choose his counsel" and "mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel, and lose the benefit of counsel's familiarity with the case."

Id. at ¶16 (citing Stowell v. Bennett, 169 Vt. 630, 632 (1999) (mem.)). Despite these cautions, in the circumstances of the present case the facts warrant disqualification, at least as to Kristensen, Cummings, Phillips & Carroll, P.C.'s representation of the Bergmanns in the proceedings relating to the Lilienthals' motion for relief from judgment, especially as Attorney Baron or her former colleagues from Kramer Law Offices may be witnesses as to

4

the mail intake and filing practices of the firm with respect to the copy of the notice of appeal at issue in the Lilienthals' argument.

There is no doubt that Attorney Baron herself is disqualified from personally representing the Bergmanns in this matter, because it involves the same property, development, facts, and parties that were involved in her earlier representation of the Lilienthals. See V.R.P.C. 1.9,[3] and see <u>Stowell v. Bennett</u>, 169 Vt. 630, 631 (1999) (mem.) (attorney disqualified if accepted employment adverse to the interests of the former client in the same or a substantially related matter).

Further, the firm of Kristensen, Cummings, Phillips & Carroll, P.C., as Attorney Baron's new firm, must be disqualified by the plain terms of V.R.P.C. 1.10, which states at subsection (a) that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so" by, <u>inter alia</u>, V.R.P.C. 1.9. However, this language in V.R.P.C. 1.10(a) appears to be contradicted by the comment to V.R.P.C. 1.9, under the heading "Adverse Positions," which states as follows:

> The second aspect of loyalty[4] to a client is the lawyer's obligation to decline subsequent representations involving positions adverse to a former client arising in substantially related matters. This obligation requires abstention from adverse representation by the individual lawyer involved, but does not properly entail abstention of other lawyers through imputed disqualification. Hence, this aspect of the problem is governed by Rule 1.9(a). Thus, if a

---

[3] V.R.P.C. 1.9(a) states: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

[4] Although the comment does not clearly identify the 'first aspect' of loyalty, presumably it is the preservation of confidential information discussed earlier in the comment.

lawyer left one firm for another, the new affiliation would not preclude the firms involved from continuing to represent clients with adverse interests in the same or related matters, so long the conditions of paragraphs (b) and (c) concerning confidentiality have been met."

Of course, where the plain terms of the Rule conflict with the comments to a rule, the plain terms must control, as it is not necessary to resort to the comments for aid in interpretation. The apparent contradiction is, however, curious, especially since the hypothetical fact pattern so closely matches the facts of the present case. Nevertheless, V.R.P.C. 1.10 is clear that, if any lawyer in a firm is disqualified by Rule 1.9, all the lawyers in the firm are disqualified.[5] The Lilienthals' motion to disqualify must therefore be granted.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Lilienthals' motion to disqualify the firm of Kristensen, Cummings, Phillips & Carroll, P.C. from representing the Bergmanns with respect to proceedings on the Lilienthals' motion for relief from judgment is hereby GRANTED. The Court declines to rule at this time whether the firm of Kristensen, Cummings, Phillips & Carroll, P.C. may represent the Bergmanns on the merits if the case were to be reopened, as the disqualification appears to relate only to confidential information about the timing of and circumstances under which the Lilienthals and Attorney Baron were informed of the fact that this appeal had

---

[5] It may be that the prompt implementation and continuous maintenance of a "Chinese wall," "ethical screen," or other conflict-avoidance mechanism intended to insulate the tainted attorney would have allowed the other lawyers in Kristensen, Cummings, Phillips & Carroll, P.C. to avoid imputed disqualification and to continue to represent the Bergmanns, but such a conflict-avoidance mechanism would have to have been in place when Attorney Baron joined the firm. See Restatement (Third) of the Law Governing Lawyers §124 comment (d) ("The required screening measures must be imposed in the subsequent representation at the time the conflict is discovered or reasonably should have been discovered, and they must be of sufficient scope, continuity, and duration to assure that there will be no substantial risk to confidential client information.")

been filed.

The status of the matter as of the present time remains that the permit is in effect. Briefing on the other pending motions was in abeyance until this disqualification issue was resolved. On or before April 21, 2007 the Bergmanns shall enter their appearance on their own behalf or shall file the entry of appearance of an attorney on their behalf. A telephone conference has been scheduled for April 24, 2007 to schedule the hearing on the motion to reopen if one is necessary. If an appearance is entered substantially earlier, that conference may be advanced on the court's calendar at the request of the parties; please discuss an agreed time before calling the Court. On or before April 24, 2007, we request Attorney Kehne to advise the Court whether the Natural Resources Board will remain as a party at this stage of the proceedings, whether it wishes to withdraw as a party, or whether it wishes to remain on the service list to receive informational notices only.

Done at Berlin, Vermont, this 23rd day of March, 2007.

_____
Merideth Wright
Environmental Judge