934 A.2d 820 (2007)
2007 VT 84
STATE of Vermont
v.
Donald BAKER.
No. 06-358.
Supreme Court of Vermont.
August 24, 2007.
Present: REIBER, C.J., and DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.

ENTRY ORDER
¶ 1. The State appeals the decision of the trial court to disqualify the prosecuting attorney and the entire Orleans County State's Attorney's Office (OCSA) based on the appearance of a conflict of interest. While in private practice, before becoming Deputy State's Attorney for Orleans County, Joseph Malgeri represented a co-defendant and State's witness in defendant's *821 case. The issue in this appeal is whether the deputy state's attorney was properly disqualified, under conflict-of-interest rules, because of the earlier representation. We find he was not and reverse.
¶ 2. On December 2, 2004, the Ammex duty-free store in Derby Line, Vermont was robbed. On December 9, 2004, following an investigation of the crime, the State charged defendant with kidnapping and grand larceny in violation of 13 V.S.A. § 2405(a)(1)(E) and 13 V.S.A. § 2501 respectively. More than a year later, the State charged a co-defendant with aiding in the commission of a felony and perjury in relation to that same robbery. The perjury charge resulted from false statements the co-defendant allegedly made during a deposition taken in the defendant's case. The State dismissed the perjury charge as part of a plea agreement resolving all pending charges against the co-defendant. The co-defendant became a chief witness in the prosecution of defendant.
¶ 3. Defense counsel learned on July 20, 2006 that Joseph Malgeri, the deputy state's attorney acting as lead prosecutor in this case, had previously represented the co-defendant on DUI and false-information-to-a-police-officer (FIPO) charges in 1995. Deputy State's Attorney Malgeri had no recollection of this prior representation and therefore did not disclose it.
¶ 4. Defendant subsequently filed a motion to disqualify Deputy State's Attorney Malgeri and the entire OCSA as prosecutors in his case, and the State opposed that motion. The co-defendant entered a waiver of any conflict of interest related to his prior representation by attorney Malgeri on August 8, 2006. The Orleans District Court ruled that the appearance of a conflict of interest was sufficient to warrant disqualification of Deputy State's Attorney Malgeri and, by extension, the whole OCSA office.
¶ 5. There is scarce Vermont case law dealing with a conflict of interest resulting from a prior representation of a co-defendant by the prosecuting attorney against a current defendant. Thus, the trial court examined case law from other jurisdictions in reaching its decision. The court acknowledged that most states find disqualification is not "automatic" in similar circumstances. It reasoned, though, that "`[g]iven the need to protect against the appearance of impropriety and the risk of prejudice attendant on abuse of confidence, however slight,'" Deputy State's Attorney Malgeri should be disqualified. (quoting People v. Tessitore, 178 A.D.2d 763, 577 N.Y.S.2d 680, 682 (1991)). The court then imputed the disqualification to the entire OCSA because various attorneys in the office had appeared in court during the course of the prosecution of both defendant's and the co-defendant's cases, which lasted more than six months.
¶ 6. "A motion to disqualify counsel is a matter that rests within the sound discretion of the trial court, and its ruling will not be disturbed absent an abuse of discretion." Stowell v. Bennett, 169 Vt. 630, 631, 739 A.2d 1210, 1211 (1999) (mem.). "[T]he decision will stand on appeal unless the requesting party shows that the court either failed to exercise its discretion altogether or exercised it for reasons that are clearly untenable or unreasonable." Herald Ass'n v. Dean, 174 Vt. 350, 359-60, 816 A.2d 469, 477-78 (2002) (citing Burlington Free Press v. Univ. of Vt., 172 Vt. 303, 307, 779 A.2d 60, 64 (2001)). When the appellant contends that the trial court erred in applying the law, the review is de novo. Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 36, 181 Vt. ___, 917 A.2d 508.
*822 ¶ 7. "The precept that an attorney scrupulously avoid representing conflicting interests and hold inviolate the confidence and secrets entrusted to him by his client" applies equally to a prosecuting attorney as to an attorney in the private sector. State v. Miner, 128 Vt. 55, 61-62, 258 A.2d 815, 819(1969). In Vermont, attorney conflicts of interest are addressed by the Vermont Rules of Professional Conduct, which state, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." V.R.Pr.C. 1.9(a). This rule would preclude Deputy State's Attorney Malgeri from representing the State (another person) against the co-defendant "in the same or a substantially related matter." Id. (emphasis added). Here, though, Deputy State's Attorney Malgeri is representing the State against a person other than the co-defendant, and Rule 1.9 must be viewed with this important distinction in mind.
¶ 8. Although there are no Vermont cases which directly address the particular conflict-of-interest issue presented here, two cases are useful in establishing the current state of Vermont law. We applied the framework of Rule 1.9 in State v. Crepeault, in which the defendant in a sexual abuse case had previously been represented by the prosecuting attorney in a CHINS (child in need of care or supervision) proceeding. 167 Vt. 209, 704 A.2d 778 (1997). We held that where a prosecuting attorney becomes aware that she or an associate had previously represented a defendant in a substantially related matter, the attorney has a duty to disclose this relationship to the court and defense counsel. Id. at 218-19, 704 A.2d at 784. Two years later, we addressed the issue in a case in which an attorney represented the defendant in a criminal matter and then represented the plaintiff in a civil suit to regain possession of a mobile home from the same defendant several years later. Stowell, 169 Vt. at 630-31, 739 A.2d at 1210-11. The defendant moved to disqualify the attorney by arguing that, despite a lack of substantial relationship between the matters, the appearance of impropriety was sufficient to justify disqualification. Id. We rejected that argument, however, finding that "`the appearance of impropriety alone is simply too slender a reed on which to rest a disqualification order except in the rarest of cases.'" Id. at 632, 739 A.2d at 1212 (quoting Bergeron v. Mackler, 225 Conn. 391, 623 A.2d 489, 494 (1993)). We found that because the two matters were unrelated no presumption of confidential disclosure arose. Id.
¶ 9. Here, the trial court relied on two cases from other jurisdictions in which the attorney previously represented a co-defendant and then switched hats and joined the same prosecution against a defendant. In Tessitore, the court held that disqualification was proper where the attorney had preliminarily represented the co-defendant and then appeared for the prosecution at the defendant's sentencing hearing in the same case. 577 N.Y.S.2d at 682. In Lane v. State, the court found a due process violation when an attorney first represented a co-conspirator and then appeared as special prosecutor in the defendant's case. 238 Ga. 407, 233 S.E.2d 375, 378 (1977). The trial court here, though, failed to distinguish the critical fact that the prosecuting attorneys in both these cases had previously represented co-defendants in the same controversy, and so an examination of whether the matters were substantially related was not necessary. The Tessitore and Lane courts properly recognized that "[s]uch counsel must be presumed to have *823 received confidential communications from his client concerning the crimes charged against the alleged co-conspirator which he can use in prosecuting the [defendant]." Lane, 233 S.E.2d at 378.
¶ 10. In a leading Connecticut case, the trial court disqualified plaintiff's counsel for a conflict of interest based solely on an "appearance of impropriety" and the perception of impropriety by the defendant. Bergeron, 623 A.2d at 494. The Connecticut Supreme Court reversed because the trial court "failed to consider the relationship between the firm's representation of the defendant in a residential house closing and its representation of the plaintiffs seeking a protective order as witnesses in the defendant's [divorce] action." Id. In the case before us, the trial court likewise failed to consider whether the co-defendant's 1995 case and defendant's 2005 case involve substantially related matters. Without this necessary examination of the relationship between the two matters, the trial court's exercise of discretion cannot be sustained.
¶ 11. We next consider whether the two matters in which Deputy State's Attorney Malgeri participated were, in fact, substantially related. "Substantiality is present if the factual contexts of the two representations are similar or related." Crepeault, 167 Vt. at 216, 704 A.2d at 783 (citation and quotations omitted). "Thus, `determining whether an attorney's current representation involves a substantially related matter to that of a former client requires an analysis of the facts, circumstances, and legal issues of the two representations.'" Id. (quoting State ex rel. McClanahan v. Hamilton, 189 W.Va. 290, 430 S.E.2d 569, 572-73 (1993)). Courts have not settled on a single standard to determine when a prosecutor must be disqualified from prosecuting a defendant because of the prosecutor's prior association with the representation of a co-defendant. Generally, they conclude that each case requires careful analysis of all relevant circumstances.
¶ 12. The Bergeron court advised that "[t]he standards for attorney disqualification are directed at protecting client confidences." 623 A.2d at 494. "The substantial relationship test is not a formalistic inquiry into degrees of closeness, but is in large measure a judgment as to whether the former client's confidences are at risk of being turned against him." 1 G. Hazard & W. Hodes, The Law of Lawyering § 13.5, at 13-13 (Supp. 2005). To make these judgments, courts apply a variety of criteria. Id. Many courts emphasize two significant factors:
(1) the presence or absence of a prior direct attorney-client relationship between the defendant seeking disqualification and the prosecuting attorney and (2) the presence or absence of evidence that the prosecuting attorney actually received confidential information from or about the complaining defendant.
McFarlan v. Dist. Court, 718 P.2d 247, 250 (Colo.1986) (citations omitted). See also Chambers v. Superior Court, 121 Cal. App.3d 893, 175 Cal.Rptr. 575, 578 (1981) ("Once the [attorney-client] relationship is established, the question is whether confidential information was imparted during its existence."); Martin v. Commonwealth, 361 S.W.2d 654, 656 (Ky.Ct.App.1962) (finding no conflict when no attorney-client relationship existed between prosecutor and defendant, so long as confidential information was not disclosed by the appellant); Crawford v. State, 840 P.2d 627, 637 (Okla.Crim.App.1992) (excluding an attorney from "assist[ing] in the prosecution of a criminal case if, by reason of his professional relations with the accused, he has acquired a knowledge of facts upon which the prosecution is predicated or which are closely interwoven therewith" (quotations *824 and citation omitted)). The McFarlan court considered whether a newly-elected district attorney, who had been a law partner in the firm representing a co-defendant in the same matter, should be disqualified. It held that "an accused seeking to disqualify a prosecutor because of prior representation of a co-defendant . . . must show that . . . the prosecutor . . ., by virtue of the prior professional relationship with the co-defendant, received confidential information about the accused which was substantially related to the pending criminal action." McFarlan, 718 P.2d at 251. The court there held that no presumption of confidential disclosure was required and found no such allegation of confidential disclosure by the petitioner. Id.
¶ 13. In Crepeault, we found that the two representations were "substantially related" because the prior case concerned the defendant's parenting abilities and relationship with her children, and the later case involved sexual molestation of one of the children by that same defendant. 167 Vt. at 217-18, 704 A.2d at 784. Because a substantial relationship was found to exist, the court held that presumptive disqualification was required to mitigate even the appearance of any conflict or bias. Id. at 218, 704 A.2d at 784. Thus, the concern for an "appearance of impropriety" arises only once the "substantially related" element is demonstrated. Id. at 217, 704 A.2d at 783 (stating that "[i]n addition to safeguarding client confidentiality, the presumptive disqualification serves to avoid any appearance of impropriety" (quotations and citation omitted)). Here, though, there is no similar underlying relationship between the 1995 criminal case against the co-defendant and the current criminal case facing defendant.
¶ 14. These decisions lead us to conclude that the trial court's disqualification of Deputy State's Attorney Malgeri was not justified by the circumstances. We find no relationship between the co-defendant's 1995 case and defendant's 2004 case. The defense argues that the co-defendant's lack of truthfulness connects these cases because Deputy State's Attorney Malgeri was exposed to the co-defendant's 1995 FIPO charge and his alleged perjury during his deposition in preparation for defendant's 2004 case. Yet this argument is without merit; Deputy State's Attorney Malgeri gains no advantage in prosecuting the case against defendant by knowing that his chief witness has a conviction for dishonesty. This information would be available to any prosecutor involved in the case, and the co-defendant's apparent propensity for dishonesty only arms the defense with stronger ammunition to impeach his testimony at defendant's eventual trial. This argument fails to meet any of the tests established by the various jurisdictions discussed above. The facts supporting the prosecution of a DUI and FIPO charge against the co-defendant in 1995 have no relation to the facts supporting the kidnapping and grand larceny charges against defendant in 2004. The two cases are not substantially related and it was, therefore, error to look for an appearance of impropriety.
¶ 15. Vermont Rule of Professional Conduct 1.10(a) states "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2." Because no conflict of interest exists for Deputy State's Attorney Malgeri, the OCSA cannot be disqualified through imputation. Therefore, the trial court's ruling to disqualify both Deputy State's Attorney Malgeri and the OCSA is reversed.
Reversed.