Weinstein v. Rocking Stone Farm Homeowner's Ass'n, Inc. et. al. v. Weinstein et. al., No. 139-3-13 Bncv (Wesley, J., Dec. 17, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Bennington Unit** | **Docket No. 139-3-13 Bncv** |

| | |
|---|---|
| Jennifer Weinstein,<br>Plaintiff,<br><br>v.<br><br>Rocking Stone Farm Homeowners'<br>Association, Inc., Jeanmarie Leonard,<br>and Carol Sayour,<br>Defendants.<br><br>Jeanmarie Leonard and Carol Sayour,<br>Counterclaimants/Third-Party Plaintiffs,<br><br>v.<br><br>Lloyd J. Weinstein and The<br>Weinstein Group, P.C.,<br>Third-Party Defendants. | |

### Opinion & Order
### Denying Plaintiff's Motion to Disqualify Attorney Christopher Roy

Plaintiff moves to disqualify Attorney Christopher Roy claiming a conflict of interest. Attorney Roy represents the Defendant Homeowners' Association, as well as Defendants Jeanmarie Leonard, and Carol Sayour. By her complaint, Plaintiff alleges Ms. Leonard and Ms. Sayour violated the Homeowners' Association Declaration by constructing a barn outside of the "building envelope." Plaintiff seeks relief against Ms. Leonard and Ms. Sayour for building outside of the "building envelope", and against the Homeowners' Association for not enforcing the Declaration.

By her current motion, Plaintiff argues Attorney Roy has a conflict because it is in Ms. Leonard's and Ms. Sayour's interest to argue the barn should stay, while the Homeowner's Association should be seeking removal of the barn. Attorney Roy, on behalf of all Defendants, argues Ms. Weinstein's position depends on her interpretation of the Homeowners' Association Declaration. Since Defendants are united in disagreeing with that interpretation, Attorney Roy and his clients deny any conflict of interest. Further, Attorney Roy represents he received informed written consent from all Defendants. Thus, he vigorously objects to Plaintiff's standing to raise any question of conflict of interest concerning his clients.

To move for a relief, a party must show that the party suffered an injury from the action of an opposing party. *See Bischoff v. Bletz*, 2008 VT 16, ¶ 15, 183 Vt. 235. As Defendants

maintain, Plaintiff's posture while seeking relief here is distinctly unusual, since she does not argue that Attorney Roy has any conflict of interest with her. *See, e.g.*, *State v. Baker*, 2007 VT 84, ¶ 5, 182 Vt. 583 (mem.) (discussing a potential conflict where a prosecutor formerly represented a co-defendant in a separate case).

Motions to disqualify are left to the trial courts discretion. *Id*. ¶ 6. As noted, Plaintiff has not shown how Attorney Roy's alleged conflict harms her. Plaintiff also failed to provide any authority demonstrating that she has proper standing to raise a question of conflict of interest as between opposing parties who have asserted none themselves. Accordingly, the Court finds Plaintiff 's motion is denied for lack of standing.

Had the Court reached the merits, Plaintiff's position borders on the frivolous. See, Vermont Rule of Professional Conduct 1.7. A conflict of interest exists where: "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." V.R.P.C. 1.7(a)(2). Conflicts may be waived if an attorney follows the procedures in V.R.P.C. 1.7(b), which requires informed written consent.

In this case, Plaintiff boldly presumes to posit a conflict based on her belief that the Homeowner's Association should be aligned with her, instead of with Defendants Leonard and Sayour. Whether she eventually can prevail in her interpretation of the Association's duty under the declaration remains for determination based on further development of the claims and defenses. Yet, the suggestion that the outcome is so obvious as to *require* Attorney Roy to acknowledge a conflict of interest at the instance of an opposing party is truly a novel and unprecedented proposition. *See Baker*, 2007 VT 84, ¶ 6. Attorney Roy maintains that his clients' are aligned as to their common interests, and that he has ratified their acquiescence in his joint representation according to the process contemplated by V.R.P.C. 1.7(b). If there were any basis whatsoever for Plaintiff to raise the issue, she affords no justification for the Court to look behind the waivers executed by each Defendant. The written consents eliminate any claim of conflict.

Defendants seek a hearing and attorney's fees for responding to this motion. Having castigated Plaintiff for burdensome and unsupported pleading, Defendants fall into a similar trap. The American rule requires parties to bear their own costs of litigation. *Knappmiller v. Bove*, 2012 VT 38, ¶ 4, 191 Vt. 629. Departing from the rule is demanding and the party seeking attorney's fees must point to a contract, statute, rule or other authority that allows for attorneys fees. *See id.* In this case, Defendants have not located their claim for fees in any framework that gives the Court authority to grant it. [1]

---

[1] Conceivably, Defendants request is actionable under V.R.C.P.11(c), governing sanctions for unsupported pleadings under Rule 11(b). However, such requests require particular pleading described in the Rule which has not been observed in Defendants' opposition to Plaintiff's motion. While the Court is empowered to initiate Rule 11 sanctions proceedings on its own motion, it declines to do so in these circumstances, since Defendants might have sought the relief but have not perfected a claim as contemplated by the rule.

## Order

The Court **DENIES** Plaintiff's Motion to Disqualify Attorney Christopher Roy.

Dated at Bennington, Vermont on December 18, 2013

_____
John P. Wesley
Superior Court Judge